117 F.3d 1426
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jeffrey R. SCOTT, Plaintiff-Appellant,
v.
Ron McGREW; Douglas Inter-Agency Marcotics Team; and
Douglas County Oregon, a political subdivision of
the State of Oregon, Defendants-Appellees.
 No. 95-36076.
 United States Court of Appeals, Ninth Circuit.
 July 7, 1997.
 
 1
 Before: FLETCHER and TASHIMA, Circuit Judges, and SCHWARZER,** Senior District Judge.
 
 
 2
 MEMORANDUM*
 
 
 3
 We review de novo the district court's grant of summary judgment.[1] Hervey v. Estes, 65 F.3d 784, 788 (9th Cir.1995). We also review de novo the application of qualified immunity. Washington v. Lambert, 98 F.3d 1181, 1192 (9th Cir.1996); Hervey, 65 F.3d at 788.
 
 
 4
 Because McGrew successfully established that he was entitled to qualified immunity, the district court correctly granted summary judgment in his favor. Contrary to Scott's contention, the qualified immunity issue was properly resolved on summary judgment. Where there is no genuine dispute of material fact, whether a police officer is entitled to qualified immunity for a Fourth Amendment violation is a question of law for the court to decide. Washington, 98 F.3d at 1192; Act Up!/Portland v. Bagley, 988 F.2d 868, 872-73 (9th Cir.1993).
 
 
 5
 Here, the underlying facts are undisputed; therefore, it was proper for the district court to determine the qualified immunity issue on summary judgment. See id. at 873. There is no dispute about what McGrew knew, did, or failed to do. Id. (genuine dispute of fact exists only where controversy concerns either the (i) "facts and circumstances within an officer's knowledge" or (ii) "what the officer and claimant did or failed to do"). Instead, the parties dispute what McGrew should have done; as such, the dispute is not factual. Id.
 
 
 6
 On the merits, McGrew was entitled to qualified immunity because he established that he had no reason to doubt the accuracy of the information he relied on in applying for a search warrant. Neely v. Feinstein, 50 F.3d 1502, 1508-09 (9th Cir.1995) (burden on official to prove reasonableness of conduct). Therefore, McGrew "objectively could have believed" that the search warrant he obtained was supported by probable cause. Marks v. Clarke, 102 F.3d 1012, 1026 (9th Cir.1996) (quoting Act Up!/Portland, 988 F.2d at 871). McGrew introduced evidence that, in his experience, he had found the information provided by computerized criminal histories (CCHs) reliable, and that he had no reason to doubt the accuracy of Scott's CCH.
 
 
 7
 Scott did not controvert McGrew's showing that he had no reason to doubt the reliability of CCHs in general, or of Scott's CCH in particular. Moreover, Scott did not attack the general reliability of the Law Enforcement Data System (LEDS) or present evidence about what McGrew should have known about LEDS. In short, Scott simply did not present any evidence to dispute the general observation that "the possibility of an inaccurate entry is no greater [in the electronic context] than it would be in any other recording system." United States v. Orozco, 590 F.2d 789, 794 (9th Cir.1979).[2]
 
 
 8
 Under these circumstances, no clearly established legal principle would have led a reasonable officer in McGrew's position to conclude that he had a duty to verify the accuracy of the CCH information before applying for the warrant. See Bator v. Hawaii, 39 F.3d 1021, 1027 (9th Cir.1994) (burden on plaintiff to prove asserted right was clearly established); Anderson v. Creighton, 483 U.S. 635, 640 (1987) ("contours of the right [allegedly violated] must be sufficiently clear that a reasonable official would understand that what he is doing violates that right"). Cf. Arizona v. Evans, 115 S.Ct. 1185, 1194 (1995) (applying Leon good faith exception to computer-generated error on Fourth Amendment suppression motion because "[t]here is no indication the arresting officer was not acting objectively reasonably when he relied upon the police computer record").
 
 
 9
 Finally, Scott argues that McGrew was not entitled to qualified immunity because of the falsity of the CCH information that McGrew submitted to support his application for the warrant. We reject this argument because Scott failed to "make a substantial showing of deliberate falsehood or reckless disregard for truth and establish that, but for the dishonesty, the challenged action would not have occurred." Hervey, 65 F.3d at 788-789 (quoting Branch v. Tunnell, 937 F.2d 1382, 1388 (9th Cir.1991)).
 
 AFFIRMED.[3]
 
 
 **
 Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit, except as provided by Ninth Cir. R. 36-3
 
 
 [1]
 Because the parties are familiar with the facts of the case, we find it unnecessary to recite them
 
 
 [2]
 We reject Scott's argument that the "update/further detail" statement found in the CCH printout should have caused McGrew to doubt the accuracy of the CCH information. Nothing in that statement suggests that the information contained in a CCH printout is not reliable as of the date the CCH is obtained. The "disclaimer" simply states the obvious: (i) a person's CCH might change over time and (ii) if more detailed information than that appearing in the CCH printout is needed, the actual records should be consulted
 
 
 [3]
 Upon entering summary judgment for McGrew on Scott's Fourth Amendment claim against McGrew, the district court dismissed all remaining claims against all defendants. We do not review that portion of the district court's ruling because Scott did not raise the matter in his Opening Brief. Martinez-Serrano v. INS, 94 F.3d 1256, 1259-60 (9th Cir.1996)